**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN MCKINNEY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHNATHAN GRAMP, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 22-6061 (MAS) (DEA)<br><br>**OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court on Plaintiff Ivan McKinney's amended application to proceed *in forma pauperis* (ECF No. 3) and complaint (ECF No. 1). Having reviewed the application, the Court finds that leave to proceed *in forma pauperis* is warranted in this matter and will therefore grant the amended application. Because the application shall be granted, the Court is required by 28 U.S.C. § 1915(e)(2)(B) to screen the complaint and dismiss the complaint if it is frivolous, malicious, or fails to state a plausible claim for relief. For the following reasons, Plaintiff's complaint is dismissed without prejudice in its entirety for failure to state a claim.

**I.　　BACKGROUND**

　　Plaintiff is a state prisoner confined in New Jersey State Prison. In his complaint, Plaintiff asserts that, in 2019, while he had a pending PCR petition in the New Jersey State Courts, Plaintiff met with his PCR attorney many times. The meetings went poorly because the prison's video conferencing system was often broken or not working properly. (ECF No. 1 at 13-26.) Essentially, Plaintiff contends that the system sometimes did not work. More often than not, however, the

video connection would not function while the audio would function but cut out at times. (*Id.*) Plaintiff complained and was frequently told that the system would be fixed, but he continued to have these problems. (*Id.*) Plaintiff was not prevented, however, from meeting with counsel in person, and did so at least once on January 8, 2020, although counsel did have to wait several hours before the meeting. (*Id.* at 19-20.) On October 1, 2020, Plaintiff had oral argument on his PCR petition, during which he appeared via video conference. (*Id.* at 20-21.) During the hearing, the video did not work, and the audio cut in and out. (*Id.*) Plaintiff complained after the fact and was told that had the court required his input and called, he would have been permitted to use the phone to participate instead. (*Id.*) On November 2, 2020, Plaintiff's PCR petition was denied. (*Id.*) Plaintiff believes, but provides no basis for so believing, that the denial was the result of his lack of full access to the video conferenced oral argument. (*Id.*) Plaintiff does not allege that his input was sought by the court or that he requested to make any statements during the oral argument, at which he was represented by counsel. (*Id.*)

Plaintiff also alleges that he had further meetings with a different counsel on a different PCR petition in 2021, which also were hampered by the video conferencing system. Plaintiff, however, does not allege that this had any impact on his later PCR petition or that he lost any claim as a result. (*Id.*) Plaintiff believes that the video conferencing problems amount to interference with his right of access to the courts and impeded his ability to receive effective counsel for his first PCR petition. (*Id.* at 25-26.) Plaintiff finally alleges, without much in the way of support, that the video conferencing issues were in retaliation for unspecified prior grievances and lawsuits. (*Id.*)

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

2

relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in

conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

In his current complaint, Plaintiff essentially raises two types of claims against various officials at New Jersey State Prison based on issues with the prison's video conferencing machines – denial of access to the courts,[1] and First Amendment retaliation. Turning first to the denial of access to the courts claim, the Supreme Court has held that prisoners have a right of access to the courts under the First Amendment. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). To make out such a claim, a plaintiff must plead facts indicating that prison officials took actions which prevented the plaintiff from having proper access to the courts and that this denial of access caused the plaintiff actual injury. *Id.* at 352-53; *see also Williams v. Sec'y Pa. Dep't of Corr.*, 566 F. App'x 113, 116 (3d Cir. 2014). To adequately allege actual injury, a plaintiff must plead facts showing that a "nonfrivolous" and "arguable" claim for relief was lost because of the prison officials' interference with the plaintiff's access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). A plaintiff's complaint must therefore have sufficient allegations for a court to determine that the plaintiff lost a claim as a result of the defendants' actions and that the lost claim was not frivolous. This evaluation will require factual detail about the lost claim sufficient to indicate that the claim was at least of arguable merit. *Id.*

Here, Plaintiff asserts that his PCR petition was denied following oral argument and that he believes this was because he could not fully see or hear during the video-conferenced oral

---

[1] Although Plaintiff references his right to "counsel" and "effective counsel," there is no federally protected right to counsel in state court PCR proceedings. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 752 (1991). That counsel may ultimately have been "ineffective" thus is no basis for a claim under § 1983, and this Court treats Plaintiff's statements to that effect to simply be part of his access to the courts claim.

argument. Plaintiff, however, provides no allegations about the claims raised in his PCR petition, allegations detailing why the PCR petition was denied, or allegations to suggest that the PCR judge sought his input during PCR proceedings but was unable to acquire it. Indeed, Plaintiff does not allege that he tried but was unable to participate in the argument itself. Plaintiff thus has not provided the Court with any information permitting the Court to conclude that the PCR petition was of at least arguable merit. Plaintiff has provided no information regarding the lost claims and has, in any event, failed to show a causal connection between the faulty video conferencing equipment and the actual denial of his PCR petition. To the extent Plaintiff is asserting that difficulty in meeting with counsel prior to the argument resulted in the loss of the PCR petition, he does not allege that counsel could not meet with him in person throughout 2019. Indeed, he directly alleges facts indicating that counsel could and did meet with him in person. Here, Plaintiff does not raise sufficient factual allegations to causally connect the video conferencing failures with the lost claims to state a plausible claim for denial of access to the courts. The Court, therefore, dismisses Plaintiff's denial of access claim without prejudice.[2]

In his remaining claim, Plaintiff asserts that the failure to quickly repair the video conferencing equipment amounted to First Amendment retaliation. "In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Township*, 463 F.3d 285, 296 (3d Cir. 2006). Here,

---

[2] The Court briefly notes two additional issues. First, Plaintiff had appointed counsel in the underlying PCR proceedings, which undercuts a prisoner's claim for denial of access to the courts as counsel was able to represent Plaintiff's interest in his PCR proceedings. *See, e.g., Lewis*, 518 U.S. at 356 (noting that providing appointed counsel may provide sufficient access to the courts to avoid constitutional liability). Second, as to the 2021 meetings, Plaintiff fails to allege that he lost his later PCR petition at all, and thus fails to state a claim as to those later instances as well.

Plaintiff pleads that he believes that the failure to repair the video equipment was in retaliation for unspecified prior lawsuits and grievances. Plaintiff, however, does not clearly identify these prior suits and grievances, and in any event pleads no facts which would suggest a causal link between those prior filings and the failure to fix the video equipment. As this Court finds nothing other than conclusory allegations to support any causal connection, Plaintiff fails to plead a plausible claim for First Amendment retaliation, and that claim must also be dismissed without prejudice at this time. As all of Plaintiff's claims fail to state a plausible basis for relief, the Court dismisses Plaintiff's complaint in its entirety for failure to state a claim upon which relief may be granted.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's amended *in forma pauperis* application (ECF No. 3) is **GRANTED** and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

*[signature]*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**